UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE DICKERSON,

       Plaintiff,                              Case No. 13-14157
                                               Hon. Gerald E. Rosen

v.

DETROIT EDISON COMPANY,

       Defendant.
_____/

### ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        October 3, 2013

PRESENT: Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

      In her *pro se* complaint in this case, Plaintiff Julie Dickerson seeks an award of $15 million in damages from her former employer, Defendant Detroit Edison Company, alleging that Defendant unlawfully terminated her employment in September of 2007 without proper cause, in violation of Defendant's usual disciplinary procedures, and in a manner inconsistent with Defendant's treatment of other employees under similar circumstances. Accompanying Plaintiff's complaint was an application to proceed *in forma pauperis,* which the Court has now granted. Having reviewed the allegations of Plaintiff's now-filed complaint, the Court finds that this suit must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for "fail[ure] to state a claim on which relief may be granted."

Under 28 U.S.C. § 1915(e)(2)(B), upon permitting a plaintiff to proceed *in forma pauperis,* the Court nevertheless is directed to "dismiss the case at any time if the court determines," *inter alia,* that the plaintiff's complaint "fails to state a claim on which relief may be granted." In this case, Plaintiff's complaint fails to withstand scrutiny under this standard. Although Plaintiff asserts that this suit lies within the Court's federal question jurisdiction, (*see* Complaint at ¶ 1), her allegations of wrongful discharge without just cause would give rise only to a state-law breach of contract claim, and not a claim arising under federal law. To the extent that Plaintiff alleges that she was treated differently from other employees, (*see id.* at ¶¶ 8-9), she has not alleged that this disparate treatment was based on considerations deemed impermissible under federal law — *e.g.,* race, age, or disability — such that she could pursue a claim under one of the federal statutes prohibiting certain forms of discrimination in employment decisions.[1]

To be sure, Plaintiff's breach of contract allegations could potentially form the basis for a federal cause of action if her employment relationship with Defendant was governed by a collective bargaining agreement ("CBA"). In that event, Plaintiff could bring a hybrid breach of CBA/breach of duty of fair representation claim under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). *See Garrison v. Cassens Transport Co.,* 334 F.3d 528, 538 (6th Cir. 2003) (describing the elements of a

---

[1]In the civil cover sheet accompanying her complaint, Plaintiff identifies diversity of citizenship as the basis for the Court's subject matter jurisdiction. Yet, she then states that both she and Defendant are citizens of the state of Michigan, thereby defeating any claim of diverse citizenship.

hybrid § 301 claim). Indeed, there is reason to suspect that this might be the theory of recovery that Plaintiff wishes to advance here, as she asserted precisely such a claim against her union in 2008, arising from the very same September 2007 discharge giving rise to the present suit. *See Dickerson v. Utility Workers Union of America Local 223,* No. 08-15227, 12/19/2008 Complaint at ¶¶ 3, 7-8 (alleging that the defendant union breached its duty of fair representation by refusing to seek arbitration of a grievance arising from Plaintiff's September 2007 termination).

Yet, if Plaintiff means to assert such a hybrid § 301 claim in this case, she faces a number of insurmountable obstacles. First, she does not allege in her present complaint that her union breached its duty of fair representation, and this is a necessary element of a hybrid § 301 claim. *See Garrison,* 334 F.3d at 538. Next, since Plaintiff's 2008 suit advanced precisely this claim that Plaintiff's union breached its duty of fair representation, and this prior suit was dismissed for lack of prosecution after Plaintiff failed to attend a final pretrial conference, *see Dickerson,* No. 08-15227, 9/28/2009 Order of Dismissal, Plaintiff is barred by principles of claim and issue preclusion from relitigating the question of her union's possible breach of its duty of fair representation. Finally, any effort by Plaintiff at this late date to challenge her 2007 discharge is long since barred by the six-month statute of limitations governing hybrid § 301 claims. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 155, 169, 103 S. Ct. 2281, 2285, 2293 (1983); *Martin v. Lake County Sewer Co.,* 269 F.3d 673, 677-79 (6th Cir. 2001). It follows that Plaintiff cannot state a viable hybrid § 301 claim that

could sustain her appeal to federal question jurisdiction.

    Accordingly, for these reasons,

    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff's complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

                      s/Gerald E. Rosen
                      Chief Judge, United States District Court

Dated: October 3, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 3, 2013, by electronic and/or ordinary mail.

                      s/Julie Owens
                      Case Manager, (313) 234-5135